1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

In re:

9

JEROME M. TALLEY,

10

Respondent.

CASE NO. MC15-164 MJP

ORDER DENYING MOTION FOR
RELIEF UNDER FED.R.CIV.P.
60(B)

11
12
13
14

On June 28, 2017, this Court entered an Order on Motion for Reconsideration declining to reconsider its order barring Respondent from proceeding with a § 2254 petition which he had filed. Dkts. #14 and #18.

15
16
17
18
19
20
21
22

Respondent has now filed a "Motion for Relief from Order (from) Under Fed. R. Civ. P. Rule 60(b)" [*sic*]. Dkt. #20. Federal Rule of Civil Procedure 60(b) states that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Respondent states that "[t]his motion is based on the Grounds of Mistake." Dkt. #20 at 1. This appears to be a reference to the Court's observation in its initial order that Respondent had failed in his petition to make any showing that he was "under imminent danger of serious physical injury," as required by the Bar Order under which he is currently operating. Dkts. #15 at 2 and #20 at 2.

23
24

1    In his prior request for reconsideration of that order, Respondent did in fact include an

2   allegation that "he is in imminent danger of serious physical bodily injury or his death if he is not

3   transferred from the Washington State Department of Corrections." Dkt. #17 at 3.  In denying the

4   motion for reconsideration, the Court labeled this allegation "an empty recitation devoid of any

5   supporting factual evidence." Dkt. #18 at 2.  The allegation was also insufficient in that it failed

6   to explain, as required by the Local Rule (LCR 7(h)) governing motions for reconsideration, why

7   he could not have asserted this ground in his original petition. *Id.*

8    Respondent appended a Declaration to the instant motion in which he elaborates on his

9   "mistake," stating that "the mistake I made being when I did <u>subjoined</u> [*sic*] my declaration [of

10   imminent danger] signed within the motion under the penalty of perjury and that by <u>subjoining</u>

11   (See., Dkt. 18, p. 2, lines 3-5) is a mistake I made in my allegations." Dkt. #20 at 2 (emphasis in

12   original).   While it is not entirely clear what Respondent is intending to convey with this

13   explanation, it is clear that it fails to address the grounds upon which his Petition was refused and

14   upon which his Motion for Reconsideration was denied: namely, his complete failure to provide

15   any factual support for his allegation of imminent physical injury.  Respondent cannot simply

16   utilize the phrase "imminent danger of serious physical injury" as a magic wand to make his Bar

17   Order disappear.  He must provide actual evidence that lends credence to the allegation.

18    The Court finds that no "mistake" exists justifying relief under Fed.R.Civ.P. 60(b).

19   Accordingly, the Motion for Relief (Dkt. #20) is DENIED.

20    //

21    //

22    //

23    //

24

ORDER DENYING MOTION FOR RELIEF
UNDER FED.R.CIV.P. 60(B) - 2

1  The Clerk SHALL provide a copy of this Order to Respondent.

2  Dated this 13th day of July, 2017.

3

4

5       RICARDO S. MARTINEZ
       CHIEF UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR RELIEF
UNDER FED.R.CIV.P. 60(B) - 3