# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In re:

JEROME TALLEY,

Respondent.

CASE NO. 15-MC-164-MJP

ORDER RE: RECENT FILINGS

The Court is in receipt of four pleadings from Respondent:

1. *Talley v. Jack Uglick, et al.*, "Civil Rights <u>Complaint</u> Brought by a Prisoner Under 42 U.S.C. Sec. 1983 Against State Actors for Deprivation of Rights Secured by the Constitution of the United States" (Dkt. #29);

2. *Talley v. Ricardo S. Martinez*, "<u>Complaint</u> Under <u>Bivens</u> <u>v. Six Unknown Fed. Narc. Agents</u>, ___ U.S. ___ (1971)" (Dkt. #30);

3. *Talley v. Marsha J. Pechman*, "<u>Complaint</u> Under <u>Bivens</u> <u>v. Six Unknown Fed. Narc. Agents</u>, ___ U.S. ___ (1971)" (Dkt. #31); and

4. *Talley v. Dept. of Corr.*, "Motion for a Remedy Under the Common Law, A Remedy is Requested to Be Provided by the Court" (Dkt. #32).

Respondent is currently under a Bar Order entered on November 25, 2015. Dkt. #3. Among the conditions which must be met in order for any civil action filed by Respondent to proceed are the following:

    (1) Respondent Jerome Talley is prohibited from filing any civil action in the Western District of Washington unless the complaint or petition is accompanied by a signed affidavit stating under penalty of perjury that the complaint contains new allegations not previously litigated. Mr. Talley may not proceed *in forma pauperis* in any § 1983 or *Bivens* action without a showing that he is in imminent danger of serious bodily injury or death. Any complaint or petition filed by Mr. Talley that is not accompanied by a signed affidavit and/or an imminent danger showing will not be filed.

    . . .

    (4) Any other document that appears to be a civil action and that is accompanied by the full filing fee will be docketed in this case, No. 3:15-mc-164 MJP, and reviewed by the Chief Judge, who will determine whether the case may proceed.

*Id.* at 2.

    Respondent's latest filings fail to meet these conditions. Since he has not requested *in forma pauperis* status in any of the cases, the deficiency in all of his pleadings is that none of them are accompanied by a full filing fee. Additionally, none of Respondent's latest pleadings are accompanied by an affidavit under penalty of perjury declaring that the matters "contain[] new allegations not previously litigated." Because of those deficiencies, none of the latest pleadings will be permitted to proceed.

    Although, as noted, Respondent has not requested IFP status in any of his new pleadings, he has filed affidavits alleging threats to his physical safety or life in two of them. *See* Dkts. #29 at 5 and #31 at 8. Once again, these affidavits are insufficient to meet the requirements of his Bar Order. The Bar Order requires a "<u>showing</u>" that he is in imminent danger. This means that Respondent is required to allege <u>facts</u> which would lead a reasonable person to believe that he is in danger; his belief (no matter how often repeated or how sincere) that his safety is threatened is, and will continue to be, inadequate to meet his burden in this regard.

Respondent's latest filings fail to satisfy the terms of his Bar Order, and therefore he is not permitted to proceed with any of them until he has paid the full filing fees for all pleadings.

The Clerk SHALL provide copies of this order to Respondent.

Dated: August 7, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE