# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

In the matter of

JEROME TALLEY,

          Respondent.

CASE NO. MC15-164 MJP

MINUTE ORDER

The following minute order is made by the direction of the court, the Honorable Marsha J. Pechman, United States District Judge:

Respondent filed a series of new pleadings which appear to comprise a habeas corpus petition and request to proceed *in forma pauperis*. The new pleadings were received on October 5 and 10, 2017 and docketed on October 18, 2017. (Dkt. Nos. 38 and 39.)

Respondent is currently under a Bar Order entered on November 25, 2015. (Dkt. No. 3.) Among the conditions which must be met in order for any civil action filed by Respondent to proceed are the following:

MINUTE ORDER - 1

(1) Respondent Jerome Talley is prohibited from filing any civil action in the Western District of Washington unless the complaint or petition is accompanied by a signed affidavit stating under penalty of perjury that the complaint contains new allegations not previously litigated. Mr. Talley may not proceed *in forma pauperis* in any § 1983 or *Bivens* action without a showing that he is in imminent danger of serious bodily injury or death. Any complaint or petition filed by Mr. Talley that is not accompanied by a signed affidavit and/or an imminent danger showing will not be filed.

* * * *

(4) Any other document that appears to be a civil action and that is accompanied by the full filing fee will be docketed in this case, No. 3:15-mc-164 MJP, and reviewed by the Chief Judge, who will determine whether the case may proceed.

(*Id.* at 2.)

Turning first to the request for IFP status, it appears that the newest pleadings areneither a § 1983 complaint nor a *Bivens* action, therefore Respondent is not required to make a showing of imminent danger of serious bodily injury or death.[1] Respondent does allege a level of financial impoverishment that entitles him to proceed IFP, and that application will be granted.

Regarding his petition for habeas relief, Respondent meets the other condition of his bar order; namely, he declares that he has not litigated the matter at issue previously. On that basis, he would be entitled to have this petition assigned a new case number and proceed forward.

However, the Court is unable to so order at this point for the following reason: Respondent lists himself as the petitioner, but the respondent to the petition is listed simply as "Superintendent." Not only is no name provided, but the designation "Superintendent" does not even indicate the position which the intended respondent holds, nor by whom that person is

---

[1] Nevertheless, Respondent does include a "Declaration of Jerome Talley" in which he alleges that his physical safety has been threatened and he is currently being housed in the "intensive management unit for [his] personal security."

MINUTE ORDER - 2

employed. Under those circumstances, service of process would be impossible and the Court cannot permit the petition to proceed.

Respondent may re-file the petition with a properly-described opposing party such that service of the petition would be possible. Upon doing so, this petition will be permitted to proceed.

The clerk is ordered to provide copies of this order to all counsel.

Filed October 18, 2017.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk
